\*SAMUEL W. HURD agt. JOHN J. MERRITT.        [\*188]

A plaintiff may collect, on execution, the amount of his judgment *and interest* from the time of docketing, where defendant brought a writ of error on the judgment to the court for the correction of errors, and the writ was dismissed with costs, and the court awarded *that the defendant in error recover interest on the judgment during the pendency of the writ of error, by way of damages, for the vexation, delay, &c., caused by bringing the writ.*

*It seems* that it is competent for the court for the correction of errors to make such order, and the defendant in error may enforce it, although he levies the amount of his judgment in this court *with interest* from the time of docketing. (2 *Cow.* 51, 400; 10 *Wend.* 74.)

*June Term,* 1846.

MOTION by defendant to correct the indorsement on the plaintiff's execution, issued in this cause, &c.

This was a suit brought to recover of the defendant, damages for diverting a stream of water. From the defendant's papers, it appeared that the cause was referred to three persons, as referees, who were to proceed in the same manner as if the action was properly referable. The referees made their report against the defendant, for $966.12½, on the 26th day of August, 1843 ; and on the 1st day of *June*, 1844, plaintiff entered up judgment for $1,231.83 damages and costs. The defendant brought a writ of error on the judgment to the court for correction of errors, which writ was subsequently quashed, and an order made by the court that the defendant in error recover against the plaintiff in error, his costs to be taxed, and also *interest on the amount of the judgment of the supreme court, from the 23d of April,* 1845, *by way of damages, for the delay and vexation, caused by the bringing of the writ of error.* Plaintiff issued execution on the judgment in the supreme court, for the amount of the judgment, and directed, by indorsement thereon, that *interest* should be collected from the 1st of June, 1844, upon the amount due upon the judgment. Defendant's papers also stated, that the plaintiff had commenced a suit in this court, on the bond executed on the allowance of the writ of error, to recover thereon the costs

*and interest,* awarded by the court for the correction of ·errors. Defendant's counsel offered plaintiff's attorney to pay the judgment and the interest and costs awarded by the court of errors, but the offer was declined, as the plaintiff required the payment of the principal of the judgment, and of the *interest thereon from the time it was docketed,* and *also* the *interest awarded by the court for the correction of errors,.* claiming that the plaintiff was entitled to *double interest* on the judgment, from the 23d of April, 1845 (the day the writ of error was served), to the time of the decision of the court of errors, being the time the collection of the judgment was stayed by the writ of error.

[*189] *Plaintiff's papers did not alter the principal facts in the case; they gave the history of the whole proceedings minutely, and alleged that the allowance of interest to plaintiff on the judgment, by the court of errors, was by way of smart money, and as well for the purpose of indemnifying the plaintiff for his trouble and expenses in the writ of error suit, as for punishing the defendant for his abuse of the process of the court; and it was intended by the court to be given to plaintiff, independent of his right to recover interest on the judgment in this court.

> W. M. MITCHELL, *defendant's counsel.*
> MINOTT MITCHELL, *defendant's attorney.*
> THOMAS NELSON, *plaintiff's counsel.*
> WILLIAM NELSON, *plaintiff's attorney.*

JEWETT, Justice. The plaintiff was entitled to direct interest to be collected on his judgment, from the time it was perfected (1st day of June, 1843). (*Laws of* 1844, *chap.* 324.)

The question whether the plaintiff is or not *also* entitled to *the interest* on his recovery, awarded by the court for the correction of errors, by way of damages on the dismissal of the writ of error, does not arise on this motion; but if it did, I have no doubt but that it was competent for that court to make such order, and that the plaintiff may enforce it, although he levies the amount of· his judgment in this court, with in-

terest from 1st of June, 1844 (2 *Cow.* 51, 400 ; 10 *Wend.* 74). Motion denied, with $7 costs.